UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINWOOD HOSEA GORDON,

Petitioner,

v.

WARDEN, TAFT CORRECTIONAL
INSTITUTION,

Respondent.

No.  2:26-cv-0783 CSK P

ORDER

On March 9, 2026, Timothy Gordon, purportedly "next friend" for petitioner Linwood Hosea Gordon, a federal prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and paid the filing fee.  Timothy Gorden seeks expedited review of the petition.

A third party may file a petition for a writ of habeas corpus on behalf of a prisoner only when that third party has standing as a "next friend."  United States v. Castle, 2022 WL 16836743 at * 1 (E.D. Cal. Nov. 9, 2022).  There are two "firmly rooted prerequisites" for "next friend" standing:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

1

Dennis ex rel. Butko v. Budge, 378 F.3d 880, 888 (9th Cir. 2004) (quoting Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990)).  The "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify jurisdiction of the court."  Whitmore, 495 U.S. at 164.

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases); see also Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.' ") (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); C.E. Pope Equity Trust, 818 F.2d at 697 ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him.").

"Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney."  United States v. Caputo, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) (citing Lovett v. Adams, 2018 WL 3239939, at *1 (C.D. Cal. June 28, 2018)).

Here, Timothy Gordon does not explain his status or why petitioner could not file the petition on his own behalf.  (ECF No. 1, passim.)  However, even assuming Timothy Gordon qualifies for "next friend" status, which would permit him to file a petition on behalf of Linwood Hosea Gordon, it does not allow Timothy Gordon to prosecute this action pro se on another person's behalf, even if he is a family member.  Therefore, either (1) Timothy Gorden must secure licensed counsel to proceed, or (2) petitioner Linwood Hosea Gordon must notify the Court that he will appear on his own behalf to prosecute this habeas action.  Otherwise, the petition will be dismissed without prejudice.

Finally, Linwood Gordon also submitted a document styled, "Motion for Expedited Consideration."  (ECF No. 1 at 10.)  Aside from the motion not being signed, because Linwood Gordon is not an attorney, he may not file motions on behalf of petitioner.  See Caputo, 2023 WL 5207318, at *5.  The putative motion is denied.  (ECF No. 1 at 10.)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, **either**

a. Petitioner Linwood Hosea Gordon must notify the court in writing that (1) Timothy Gordon filed the petition for writ of habeas corpus (ECF No. 1) with petitioner's knowledge and permission; (2) Petitioner Linwood Hosea Gordon must declare under penalty of perjury that the contents of the petition are true and correct; and (3) going forward, petitioner Linwood Hosea Gordon will appear on his own behalf to prosecute this habeas action; **OR**

b. Timothy Gordon must secure licensed counsel and said counsel shall file a notice of appearance in this matter.

2. The Clerk is directed to:

a. Send petitioner Linwood Hosea Gordon a copy of the petition (ECF No. 1) along with this order to Linwood Hosea Gordon, Reg # 72827-509, Taft Correctional Institution, 1500 Cadet Road, Taft, CA  93268; and

b. Send Timothy Gordon a copy of this order to 3739 Black Eagle Dr., #18, Antelope, CA 95843.

3. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated:  March 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/gord0783.nxtf

3