UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINWOOD HOSEA GORDON,

Petitioner,

v.

WARDEN, FCI-TAFT,

Respondent.

No. 2:26-cv-0783 CSK P

ORDER AND FINDINGS & RECOMMENDATIONS

Petitioner is a federal inmate proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner paid the filing fee. Petitioner seeks an order vacating a January 27, 2026 disciplinary finding, restoring 41 days' good time credit, and correcting petitioner's release date. (ECF No. 1 at 7.) Respondent's motion to dismiss is before the Court. As discussed below, respondent's motion should be denied.

I. BACKGROUND

Petitioner is an inmate currently housed at the Federal Correctional Institution -- Taft. A review of the docket from petitioner's underlying criminal case, which this Court takes judicial notice of, reflects that petitioner was convicted of violating 18 U.S.C. § 2244(b), abusive sexual contact, and sentenced to 24 months in federal prison.[1] United States v. Gordon, No. 21-cr-0197

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both

DJC (E.D. Cal.) (ECF Nos. 182, 224 (amended judgment)). Counts 2, 3 and 4 were previously dismissed. Id. (ECF No. 144.) Judgment was entered on May 13, 2024. Id. (ECF No. 182.) Petitioner was sentenced to a supervised release term of 60 months. Id. (ECF No. 182 at 3; ECF No. 224 at 3.) On April 24, 2026, petitioner was released from BOP custody and began his 60-month term of supervised release. Id. (ECF No. 237 at 3.) On August 12, 2026, probation filed a petition to return petitioner to custody for violating the terms of his release. (ECF No. 237.) On November 12, 2026, the district court found petitioner violated the terms and conditions of his supervision, and sentenced him to time served, and stayed petitioner's release "until a bed is available at a residential re-entry center." No. 21-cr-0197 DJC (ECF No. 267).

On March 9, 2026, petitioner filed the instant § 2241 petition. (ECF No. 1.) On June 18, 2026, respondent timely filed a motion to dismiss. (ECF No. 9.) On June 26, 2026, petitioner timely filed an opposition. Respondent did not file a reply. Briefing is now complete.

## II. THE § 2241 PETITION

Petitioner alleges he was denied the opportunity to call witnesses (claim one) and to present evidence (claim two) at the January 27, 2026 disciplinary hearing. (ECF No. 1 at 6.) In his third claim, petitioner alleges the disciplinary finding extended his projected release date from March 16, 2026, to April 26, 2026. (Id.) In addition, petitioner states that the incident report cited him for violation of Code 197 (use of a telephone for an illegal purpose), but the hearing officer ultimately found petitioner guilty of a more serious offense, violation of Code 108 (possession of a hazardous tool). (Id. at 9.) Petitioner seeks an order vacating the prison disciplinary finding, restoring the 41 days of good conduct time, and correcting petitioner's release date. (Id. at 7.)

## III. LEGAL STANDARDS

### A. Rule 4

Under Rule 4, if a petition is not dismissed at screening, the court "must order the respondent to file an answer, motion, or other response" to the petition. Rule 4, 28 U.S.C. foll.

---

within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

§ 2254. A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019); Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998).

B. Section 2241

A federal inmate challenging the manner, location, or conditions involved in the execution of their sentence, may file a habeas corpus petition pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement. Id.

## IV. THE PARTIES' ARGUMENTS

Respondent argues that the petition is moot in light of petitioner's release from BOP custody on April 24, 2026. (ECF No. 9.) Petitioner argues that the petition is not moot because he remains on supervised release and continues to suffer collateral consequences from the disciplinary finding, and the challenged conduct is capable of repetition yet evading review. (ECF No. 10.) Respondent did not file a reply.

## V. DISCUSSION

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies." Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted); see also Deakins v. Monaghan, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot. Calderon v. Moore, 518 U.S. 149, 150 (1996) (citation omitted); see also Murphy v. Hunt, 455 U.S. 478, 481 (1982) ("In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally

cognizable interest in the outcome.") (citations and internal quotation marks omitted). Since mootness is a jurisdictional bar, moot petitions should be dismissed. Kittel, 620 F.3d at 951-52.

A habeas petition does not necessarily become moot when a petitioner is no longer "in custody." Spencer, 523 U.S. at 7; see 28 U.S.C. § 2241. But for a habeas petition to present a live controversy in a case where a petitioner seeks release from custody and has been released from that custody, "there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007); see Spencer, 523 U.S. at 7. Under the collateral-consequences doctrine, a habeas petition remains live only where the petitioner demonstrates a persisting "concrete and continuing injury." See Spencer, 523 U.S. at 7. The presumption of collateral consequences that is applied to criminal convictions does not extend to prison disciplinary proceedings. Wilson v. Terhune, 319 F.3d 477, 482 (9th Cir. 2003). A prisoner seeking to challenge prison disciplinary proceedings in habeas must demonstrate that continuing collateral consequences exist if the punishment imposed as a result of the disciplinary action has expired. See id.

This Court finds that the petition is not moot, because petitioner is subject to supervised release. See Tablada v. Thomas, 533 F.3d 800, 802 n.1 (9th Cir. 2008) (release from prison did not moot action because sentencing court might exercise discretion to reduce term of supervised release); Mujahid v. Daniels, 413 F.3d 991, 994-95 (9th Cir. 2005) (same). The record reflects that petitioner was sentenced to 60 months of supervised release.

Respondent did not address the issue of petitioner's supervised release, did not address petitioner's arguments that he suffers collateral consequences from the disciplinary finding, and did not address the merits of petitioner's claims. Further, petitioner was subsequently returned to BOP custody, after the motion to dismiss was filed. For all of these reasons, the Court finds that the motion to dismiss on mootness grounds should be denied, and respondent should be required to file an answer to the petition.

## VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this case to U.S. District Judge Daniel J. Calabretta, who was the trial judge in

petitioner's underlying criminal case. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment; and all future filings shall reference the following case number: 2:26-cv-0783 DJC CSK P.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be denied; and
2. Respondent shall file an answer within thirty days from the date of any order adopting these findings and recommendations and shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application.
3. Petitioner's traverse, if any, is due on or before thirty days from the date respondent's answer is filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 18, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/gord0783.mtd.2241.157